## DISCRETION OF COURT IN REQUIRING PHYSICAL EXAMINATION OF PARTY TO ACTION.

Common Pleas Court of Hamilton County.

LILLIAN MARIA SUCHER v. WILLIAM BURGER ET AL.

Decided, January Term, 1912.

*Breach of Promise—Defense of Physical Incapacity—Plaintiff Required to Submit to an Examination—Discretion of Court—Privilege of Physician—Evidence—Section 11497.*

1. It is within the discretion of a trial judge to require an adverse party to submit to a physical or medical examination, and the physician making such examination can not claim privilege, but may be required to testify as to the condition of said party.

2. Such an examination may be required in an action for breach of promise to marry, where the physical incapacity of the plaintiff has been asserted as a defense.

*D. S. and L. D. Oliver,* for plaintiff.
*Workum & Bowdle* and *Frank Seinsheimer,* contra.

GORMAN, J.

This is an action to recover damages for breach of promise of marriage. The case is now at issue, the defendant having answered and set up therein that the plaintiff at the time of the promise of marriage was physically incapacitated from entering into the marriage contract, which incapacity was known to the plaintiff but unknown to the defendant. He further avers that upon discovering that the plaintiff was suffering from a physical ailment an effort was made by a physician skilled in medicine and surgery to bring about a cure for the plaintiff, but the same was not done.

A motion is now interposed to require the plaintiff to submit to a physical examination by a competent surgeon and physician to be named by the court or by the parties. This motion is resisted by counsel for the plaintiff upon the ground, as claimed, that there have been physical and medical and surgical examinations heretofore made of the plaintiff's person and that no order should now be made requiring the plaintiff to submit to another and further physicial, medical, or surgical examination.

The answer does not disclose that the physicians and surgeons employed to attend the plaintiff were employed by the defendant, although it is averred that the defendant paid the bills. If these surgeons and physicians were employed by the plaintiff then they would not be permitted to testify as to the result of their medical and surgical examinations and treatment of the plaintiff, because any communications to them by the plaintiff and any information secured by them as her physicians and surgeons are privileged and they could not be disclosed except by the consent of the plaintiff. It may therefore be very material and essential upon the trial of this case to have the testimony of a competent surgeon and physician as to the physical condition of the plaintiff and her ability to enter into the marriage contract, and the parties should be placed in a position where they can secure this evidence without being placed at the mercy of the plaintiff herself or her physicians or surgeons.

A· physician and surgeon ·who makes an examination under the orders of the court could not claim privilege, but would be required to testify as to the result of his examination and discoveries.

I believe that under Section 11497, General Code, the court has the power to require the adverse party to submit to a physical, medical and surgical examination.

This section reads in part as follows:

"At the instance of the adverse party, a party may be examined as if under cross-examination, either orally or by deposition, like any other witness."

There appears to be no other section of the code which has any bearing on this point.

Wigmore, Evidence, Article II, p. 376, Section 1702, says:

"The party-opponent in a civil case is not, as such, privileged to withhold any facts."

And on p. 377, Section 1704, Par. (b), he says:

"This rule includes the·inspection of the opponent's body, by the jury or by witnesses, under conditions prescribed by order of the trial judge or by standing rules of court, and in all issues where some fact concerning the person's body is relevant."

The Supreme Court of the state, in the case of *Miami & M. Tpk. Co.* v. *Baily*, 37 Ohio St., 104, laid down this rule in the first paragraph of the syllabus:

"In an action to recover for personal injuries, caused by the negligence of the defendant, the court has power to require the plaintiff to submit his person to an examination by physicians or surgeons, when necessary to ascertain the nature and extent of the injury."

No authority is cited for the rule laid down by the court in this case.

It appears to the court that the defendant may be placed at a great disadvantage if he is precluded from securing evidence, if he can, to support the averments of his answer as to the physical condition of the plaintiff.   This condition can only be known

to a physician and surgeon skilled in their profession and after a thorough examination; and perhaps even in that case it may be difficult or impossible for a physician or surgeon to state positively the permanency of any physical defects that may exist, if there be such, in the plaintiff's person.

Counsel for the plaintiff have cited three cases in support of their contention that the order asked for in this case should not be made, but it appears to the court that these cases do not support the contention of counsel for the plaintiff.

In *Devanbagh* v. *Devanbagh*, 5 Paige (N. Y.), 553, the court, on page 557, says, in reference to this matter:

"I have no doubt as to the power of this court to compel the parties, in such a suit, to submit to a surgical examination, whenever it is necessary to ascertain facts which are essential to the proper decision of the cause."

But in this case the court found that the party, a lady, had submitted to several examinations, and the physicians and surgeons who made the examinations were not disqualified to testify. The court found that she had been sufficiently examined by competent surgeons, whose testimony could be obtained by the plaintiff to show that her physical incapacity was incurable.

Now in the case at bar, it does not appear that the plaintiff has been examined by physicians and surgeons, whose testimony can be secured, because they can claim privilege.

In the case of *Louisville & N. Ry.* v. *McClain*, 23 Ky. L. Rep., 1878, cited by counsel for plaintiff, the court held that inasmuch as the plaintiff has been fully examined by two surgeons of the defendant at the time of the injury complained of, or shortly thereafter, and was examined by three other physicians, at different times, and there was little conflict in the testimony of the five physicians, there was no substantial error in overruling the defendant's motion for a personal examination at the time of the trial. But the court in this case recognized the right of the trial court to require the plaintiff to submit to a physical, medical and surgical examination. The court stated that it was in the discretion of the court whether or not an examination should be ordered.

The case of *Western Glass Mfg. Co.* v. *Schoeninger*, 42 Col., 357, is another case cited by counsel for plaintiff and was decided by the Supreme Court of Colorado. In that case it was held that the court has discretionary power reviewable on appeal, to compel the plaintiff in an action for personal injuries to submit to a physical examination. It further held that it is an abuse of discretion of the court, calling for reversal, for the trial court to refuse to order a physical examination of a plaintiff who alleges permanent injury, where the accident was of such a nature as to produce no visible wound, etc.

Numerous authorities are cited in the foot notes of this case in support of the proposition that the power to order a party to submit to a physical examination is in the discretion of the court, and that an abuse of the discretion is reviewable error.

The nature of this evidence sought by the defendant in the case at bar, can not be elicited in any other way than by a physical examination of the plaintiff, and the person who makes this examination should be in a position to be able to testify as to the physical condition without objection from counsel for the plaintiff. It does not appear that any physician or surgeon is in such a position at this time and, therefore, the court is of the opinion, that in the exercise of a sound discretion, this motion should be granted.